IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TARENT BRYANT, | : | |
| Plaintiff | : | |
| v. | : | NO. 5:11-CV-225-MTT-MSH |
| LIEUTENANT EVANS, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

**RECOMMENDATION**

Plaintiff **TARENT BRYANT**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and a Motion for Leave to Proceed *in forma pauperis* (ECF No. 2). Under 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This code section, known as the "three strikes" provision of the Prison Litigation Reform Act, does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. *See Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007). Thus, dismissal of a prisoner complaint under this section is constitutional. *Id.*

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has exceeded the three "strikes" allowed by the PLRA. At present, at least four of

Plaintiff's former cases or appeals have been dismissed and count as strikes under § 1915(g): *Bryant v. Perdue*, 1:09-cv-00027-WLS -RLH (M.D.Ga.), Appeal No.09-10990-D (11th Cir. July 17, 2009) (appeal dismissed as frivolous); *Bryant v. Carter*, 5:09-cv-00281-MTT (M.D.Ga. Sept. 20, 2010) (dismissed for failure to exhaust)[1]; *Bryant v. Walker*, 5:10-cv-00084-CAR (M.D.Ga. March 23, 2011) (same); and *Bryant v. Wade,* 1:10-cv-00025-WLS -TQL (M.D.Ga. March 30, 2011) (same).

Because of the dismissals of his prior actions, Plaintiff may not proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). To satisfy this requirement, the prisoner must allege the existence of a present, imminent danger of serious physical injury. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff has not alleged any such danger in his Complaint.

Therefore, it is **HEREBY RECOMMENDED** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** and that the instant action be **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action against these Defendants, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. *See Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

**SO ORDERED**, this 6th day of July, 2011.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is the type of dismissal that counts as a strike pursuant to 28 U.S.C. § 1915(g). *See Rivera* 144 F.3d at 731; *see also Crummie v. Veloz*, No. 10–23571, 2010 WL 5059560 at *2–3 (summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit) (S.D.Fla. Nov. 10, 2010).